Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 2291 | DATE | 8/6/2002 |
| CASE TITLE | Insurance Company vs. County of McHenry | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants defendants' motion to dismiss pursuant to Rule 12(b)(1) (5-1). Defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied as moot. The case is dismissed for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 08 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

INSURANCE COMPANY OF THE WEST, )
)
Plaintiff, )
)
vs. ) Case No. 02 C 2291
)
COUNTY OF McHENRY, INDECK- )
PLEASANT VALLEY, LLC, and )
INDECK OPERATIONS, INC. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Insurance Company of the West has filed a complaint against the County of McHenry, Indeck-Pleasant Valley LLC and Indeck Operations, Inc. seeking a declaratory judgment that ICW has no duty to defend and no duty to indemnify McHenry County with respect to a lawsuit brought against it by the Indeck defendants. The County has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court grants the Rule 12(b)(1) motion.

### Facts

ICW issued an Excess Public Entity Liability policy to the County for the period of December 1, 1998 to December 1, 1999. On August 3, 1999, Indeck filed an action against the County in state court seeking an injunction and damages of $25 million based on the County's enforcement of zoning ordinances to prevent Indeck from building an electrical generating plant called a "peaker" plant. The following day, the County notified ICW in a letter that the

complaint had been filed and requested that the County's rights be protected. The County also requested notification about whether ICW would participate in the defense of the case. The County's insurance broker tendered the suit to ICW six days later.

In September 2001, Indeck filed a six-count third amended complaint against the County. The state court ultimately dismissed Counts 2, 4, and 5 of that complaint. ICW filed the present action in March 2002, alleging that the insurance policy that it issued to the County provides no coverage for Counts 1 and 6 of Indeck's third amended complaint because those Counts do not set forth claims for damages within the meaning of the policy, and that the policy does not provide coverage for Count 3 because that Count sets forth a claim for damages for inverse condemnation, which (according to ICW) makes the claim subject to an exclusion in the policy. The exclusion states:

> The Company shall not be obligated to make any payment or defend any lawsuit in connection with any claim made against the Insured as follows:
>
> ...
>
> G.    To any liability arising out of or in any way connected with any operation of the principles of eminent domain, condemnation proceedings or inverse condemnation, by whatever name called, and whether or not liability accrues directly against any Insured by virtue of any agreement entered into by or on behalf of any Insured.

Cplt., ¶14.

The County, joined by the Indeck defendants, has moved to dismiss ICW's complaint pursuant to Rules 12(b)(1) and 12(b)(6). The County argues that no actual controversy exists regarding the duty to defend or the duty to indemnify, and that ICW's complaint does not properly allege that Count 3 of the complaint in the state court case sets forth a claim for inverse

condemnation within the scope of the policy exclusion.

## Discussion

The County argues that the case should be dismissed for lack of subject matter jurisdiction because no actual controversy exists. It contends that no actual controversy exists about the duty to defend because the insurance policy does not impose a duty to defend and ICW's complaint does not allege that the County made a demand for defense in the Indeck lawsuit. It contends that no actual controversy exists regarding the duty to indemnify because the County has not yet been found liable in the Indeck lawsuit. We address these arguments in turn.

### A. Duty to defend

A request for a declaratory judgment regarding an insurer's duty to defend the insured is considered to be ripe for adjudication during the pendency of a lawsuit implicating that duty. *See, e.g., Cruz v. County of DuPage*, No. 96 C 7170, 1998 WL 832642, at *4 (N.D. Ill. Nov. 23, 1998) (applying Illinois law). The County's insurance policy, however, does not require ICW to defend the County. The policy states in relevant part that ICW "*shall have the right and opportunity* to associate with the Insured in the defense, appeal and control of any claim or suit arising out of any occurrence and seeking damages in excess of the retention." Cplt., Ex. B, §II (emphasis added). In short, the policy does not impose a duty to defend; rather it gives ICW the option to participate in the County's defense.

Though the County's actions vis-a-vis ICW shortly after the Indeck lawsuit was filed arguably are suggestive of a belief that the insurer had a duty to defend – and thus of an actual controversy here – the County has done nothing in the ensuing three years to pursue the point, and in the present case it has expressly disavowed any claim of a duty to defend. *See*

3

Defendant's Motion to Dismiss, pp. 2-3. This admission will estop the County from claiming differently in this or other forums in the future. *See, e.g., DeVito v. Chicago Park District*, 270 F.3d 532, 535 (7th Cir. 2001); *Grobe v. Hollywood Casino-Aurora, Inc.*, 325 Ill. App. 3d 710, 719, 759 N.E.2d 154, 161-62 (2001). The admission, combined with the policy language quoted earlier, is also sufficient to eliminate any basis for this Court to issue a declaratory judgment with regard to the duty to defend. Though there arguably might have been an "actual controversy" three years ago, there no longer is.

**B.    Duty to indemnify**

As a general rule, a request for a declaratory judgment regarding the insurer's duty to indemnify the insured in a pending lawsuit not ripe and hence not justiciable until the lawsuit has been resolved. *Cruz*, 1998 WL 832642, at *4. The general rule, however, is not absolute. As the Seventh Circuit noted in *Bankers Trust Company v. Old Republic Insurance Company*, 959 F.2d 677 (7th Cir. 1992), which involved a request for a declaratory judgment regarding an excess insurer's duty to indemnity, Article III's grant of jurisdiction over cases and controversies requires only a "probabilistic" injury. *Id.* at 681. In *Bankers Trust*, the court held that an actual controversy existed even though there had not been a finding of liability in the underlying case, because a sufficient probability existed that the plaintiff would win a judgment that would be covered by the policy. Other considerations supporting consideration of the request for a declaratory judgment in *Bankers Trust* included the high amount of damages involved in the underlying claim, the insured's inability to pay that amount if found liable, and the likelihood that there was no other insurance coverage for the potential liability. *Id.* at 681-82. Two of these conditions exist in this case (a significant damage claim and the absence of other coverage for

4

liability exceeding $25 million), though the third (the insured's inability to pay on its own) likely does not.

But in *Bankers Trust,* there was no dispute that a judgment in the underlying case would be of the type covered by the terms of the excess policy; the dispute concerned the policy's validity. The same cannot be said here. As noted earlier, the policy has an exclusion for liabilities arising out of, or in any way connected with, operation of the principles of inverse condemnation. ICW alleges in its complaint here that Count 3 of the state court complaint is an inverse condemnation claim that triggers the exclusion. The County argues otherwise, noting that Count 3 of the Indeck's third amended complaint is entitled a "Due Process" claim.

To determine whether Count 3 of the Indeck complaint is premised upon principles of inverse condemnation, the Court must examine the conduct underlying the claim, not the title attached to it. *Guaranty National Insurance Company v. International Insurance Company,* 994 F.2d 1280, 1284 (7th Cir. 1993). *See also United National Insurance Company v. Entertainment Group, Inc.,* 945 F.2d 210, 213 (7th Cir. 1991). That examination, however, reveals uncertainty regarding the basis on which liability ultimately may be imposed.

Principles of inverse condemnation arguably are apparent in certain allegations of Count 3. Inverse condemnation involves a claim by a landowner for compensation for a taking of property that was accomplished by means other than through eminent domain proceedings. *See Byron Dragway, Inc. v. County of Ogle,* 326 Ill. App. 3d 70, 73, 759 N.E.2d 595, 599 (2001). "Although property may be regulated to a certain extent, if the regulation 'goes too far,' it will be recognized as a taking." *Id.* (quoting *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1014 (1992)). Count 3 includes an allegation that the County's actions resulted in "loss of the

liability exceeding $25 million), though the third (the insured's inability to pay on its own) likely does not.

But in *Bankers Trust,* there was no dispute that a judgment in the underlying case would be of the type covered by the terms of the excess policy; the dispute concerned the policy's validity. The same cannot be said here. As noted earlier, the policy has an exclusion for liabilities arising out of, or in any way connected with, operation of the principles of inverse condemnation. ICW alleges in its complaint here that Count 3 of the state court complaint is an inverse condemnation claim that triggers the exclusion. The County argues otherwise, noting that Count 3 of the Indeck's third amended complaint is entitled a "Due Process" claim.

To determine whether Count 3 of the Indeck complaint is premised upon principles of inverse condemnation, the Court must examine the conduct underlying the claim, not the title attached to it. *Guaranty National Insurance Company v. International Insurance Company,* 994 F.2d 1280, 1284 (7th Cir. 1993). *See also United National Insurance Company v. Entertainment Group, Inc.,* 945 F.2d 210, 213 (7th Cir. 1991). That examination, however, reveals uncertainty regarding the basis on which liability ultimately may be imposed.

Principles of inverse condemnation arguably are apparent in certain allegations of Count 3. Inverse condemnation involves a claim by a landowner for compensation for a taking of property that was accomplished by means other than through eminent domain proceedings. *See Byron Dragway, Inc. v. County of Ogle,* 326 Ill. App. 3d 70, 73, 759 N.E.2d 595, 599 (2001). "Although property may be regulated to a certain extent, if the regulation 'goes too far,' it will be recognized as a taking." *Id.* (quoting *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1014 (1992)). Count 3 includes an allegation that the County's actions resulted in "loss of the

liability exceeding $25 million), though the third (the insured's inability to pay on its own) likely does not.

But in *Bankers Trust,* there was no dispute that a judgment in the underlying case would be of the type covered by the terms of the excess policy; the dispute concerned the policy's validity. The same cannot be said here. As noted earlier, the policy has an exclusion for liabilities arising out of, or in any way connected with, operation of the principles of inverse condemnation. ICW alleges in its complaint here that Count 3 of the state court complaint is an inverse condemnation claim that triggers the exclusion. The County argues otherwise, noting that Count 3 of the Indeck's third amended complaint is entitled a "Due Process" claim.

To determine whether Count 3 of the Indeck complaint is premised upon principles of inverse condemnation, the Court must examine the conduct underlying the claim, not the title attached to it. *Guaranty National Insurance Company v. International Insurance Company,* 994 F.2d 1280, 1284 (7th Cir. 1993). *See also United National Insurance Company v. Entertainment Group, Inc.,* 945 F.2d 210, 213 (7th Cir. 1991). That examination, however, reveals uncertainty regarding the basis on which liability ultimately may be imposed.

Principles of inverse condemnation arguably are apparent in certain allegations of Count 3. Inverse condemnation involves a claim by a landowner for compensation for a taking of property that was accomplished by means other than through eminent domain proceedings. *See Byron Dragway, Inc. v. County of Ogle,* 326 Ill. App. 3d 70, 73, 759 N.E.2d 595, 599 (2001). "Although property may be regulated to a certain extent, if the regulation 'goes too far,' it will be recognized as a taking." *Id.* (quoting *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1014 (1992)). Count 3 includes an allegation that the County's actions resulted in "loss of the

lawful use" of the property. *See* Third Am. Cplt. ¶43. This is arguably suggestive of a claim "connected with [the] operation of the principles of ... inverse condemnation." And though Count 3 is denominated as a due process claim, there is a close relationship between a claim of inverse condemnation and a claim for denial of due process relating to property rights. *See generally City of Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687, 753 (1999). But as the County points out in its motion to dismiss, Count 3 does not include an allegation of deprivation of "*all* economically beneficial uses" of the property, the predicate for a "regulatory taking" claim. *See Lucas*, 505 U.S. at 1019 (emphasis in original). And the primary thrust of the claim appears to be that the County acted arbitrarily and capriciously in enforcing zoning ordinances, not that it effectively "took" the property.

The Court has no way of knowing at this point, of course, whether Indeck will prevail on Count 3. But more importantly, we have no way of knowing whether, if Indeck does prevail, its victory will be based on something akin to a theory of inverse condemnation or a theory of arbitrary and capricious enforcement. If the former, ICW likely will be off the hook; if the latter, ICW likely will remain on the hook. Because of the uncertainty regarding the basis on which liability ultimately may be imposed, it would be premature to issue a declaratory judgment regarding whether ICW has a duty to indemnify the County. *See Bankers Trust*, 959 F.2d at 682 ("there is no 'right' to declaratory relief; a request for such relief is addressed to the discretion of the district court").

## Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss pursuant to Rule 12(b)(1) [docket item 5-1]. Defendants' motion to dismiss pursuant to Rule 12(b)(6) is

denied as moot. The case is dismissed for lack of subject matter jurisdiction.

Date:   August 6, 2002

                                                    MATTHEW F. KENNELLY
                                                    United States District Judge